IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANGEL VELAZQUEZ, | § | |
| | § | No. 411, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1307005975 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 22, 2014
Decided: February 25, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 25th day of February 2015, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the appellee's response, it appears to the Court that:

(1)    In June 2013, the appellant, Angel Velazquez, began serving a six-month sentence at the Plummer Center, a Level IV work release correctional facility located in Wilmington, Delaware. By July 2013, Velazquez was in the second of six progressively less restrictive phases of supervision, which meant that he was eligible to leave the Plummer Center on Sundays from 7:00 a.m. until 8:00 p.m.

(2) Velazquez was granted a pass to leave the Plummer Center on Sunday, July 7, 2013. As a condition for receiving the pass, Velazquez was required to provide an address and phone number for a "host residence" approved by the Plummer Center, and to be available at that address and phone at certain times during the leave period. Also, Velasquez was required to be back at the Plummer Center by 8:00 that evening.

(3) On July 7, 2013, officers on duty at the Plummer Center conducted phone call check-ins of the offenders on leave that day. When no one answered the phone at Velazquez' host residence, officers drove to the residence, which was located in New Castle, Delaware, to check on Velazquez, but no one answered the door. When Velazquez did not return to the Plummer Center by 8 p.m., the Warden declared Velazquez on "escape status," and a warrant issued for Velazquez' arrest.

(4) Velazquez returned to the Plummer Center the following morning at 6:26 a.m. After he was placed in a holding cell and read his Miranda rights, Velazquez made a statement to the correctional officer on duty. Velazquez explained that the day before he had walked from New Castle to Rodney Square in Wilmington, and that when he arrived past the 8:00 p.m. curfew, he decided to spend the night at Rodney Square.

(5) In April 2014, Velazquez was tried on the charge of Escape after Conviction, class D.[1] Velazquez' defense at trial was that the State could not prove beyond a reasonable doubt that he intended to escape from custody. At the conclusion of the two-day trial, the jury found Velazquez guilty of Escape after Conviction.

(6) After trial, Velazquez moved for a judgment of acquittal, arguing that the evidence was insufficient to establish "the intentional state of mind requirement," namely that he intended to escape from custody. In the alternative, Velazquez asked the Superior Court to "proscribe any habitual offender adjudication as a due process violation," arguing that "[t]he applicability of habitual offender violent felony status is irrational and unconscionable on the facts of this case" wherein Velazquez was "AWOL for less than 12 hours . . . and returned to the Plummer Center voluntarily within a reasonable period of time."

(7) On July 18, 2014, the Superior Court denied the motion for judgment of acquittal, finding that there was sufficient evidence for the jury to find Velazquez guilty of Escape after Conviction. The court also denied the motion to "proscribe habitual offender adjudication as a due process

---

[1] *See* 11 *Del. C.* § 1253 (codifying the offense "Escape after conviction; class B felony; class C felony; class D felony").

3

violation" on the basis that this Court has upheld, as constitutional, the designation of Escape after Conviction as a violent felony.[2]

(8) In May 2013, the State filed a motion to declare Velazquez a habitual offender under 11 *Del. C.* § 4214(a), based on felony convictions in 1995, 2001, 2006 and 2012.[3] On July 18, 2014, the Superior Court granted the motion, declared Velazquez a habitual offender, and sentenced him to eight years at Level V imprisonment, the statutory maximum penalty for a class D felony.[4] This is Velazquez' direct appeal.

(9) On appeal, Velazquez' defense counsel ("Counsel") has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. In a written submission, Velazquez challenges the sentence imposed, arguing that a maximum sentence was unjust under the circumstances of his case and

---

[2] *See Williams v. State*, 2014 WL 642281, at *2 (Del. Feb. 7, 2014) (citing *Forehand v. State*, 997 A.2d 673, 676 (Del. 2010)).

[3] Under 11 *Del. C.* § 4214(a), "[a]ny person who has been 3 times convicted of a felony . . . and who shall thereafter be convicted of a subsequent felony . . . is declared to be [a] habitual criminal, and the court . . . may . . . impose a sentence of up to life imprisonment upon the person so convicted.").

[4] 11 *Del. C.* § 4205(b)(4).

was "extremely outside the SENTAC guidelines."[5] The State has responded to Velazquez' submission and to the position taken by Counsel and has moved to affirm the Superior Court judgment.

(10) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[6] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[7]

(11) In his written submission on appeal, Velazquez contends, as he did in his motion to "proscribe habitual offender adjudication," that, under the facts of his case, he did not commit a violent felony, and that he should not have been sentenced to the statutory maximum, which was outside the SENTAC guidelines. Velazquez' claim is unavailing.

---

[5] "SENTAC guidelines" are sentencing guidelines established by the Delaware Sentencing Accountability Commission. *See generally* 11 *Del. C.* ch. 65, subch. X (Sentencing Accountability Commission).

[6] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[7] *Penson v. Ohio*, 488 U.S. at 81.

5

(12) For sentencing purposes, Escape after Conviction, class D, is punishable by a sentence of up to eight years at Level V[8] and properly is classified as a "violent felony" under 11 *Del. C.* § 4201(c).[9] When a defendant is declared a habitual offender under 11 *Del. C.* § 4214(a), and the qualifying conviction is a "violent felony," the Superior Court is required to impose a minimum sentence equal to or exceeding the maximum sentence for the qualifying conviction.[10]

(13) In this case, the Superior Court concluded that Velazquez' felony convictions in 1995, 2001, 2006 and 2012 qualified him for sentencing as a habitual offender under 11 *Del. C.* § 4214(a) for his conviction of Escape after Conviction, a designated "violent felony" under 11 *Del. C.* § 4201(c). Once the Superior Court declared Velazquez a habitual offender under 11 *Del. C.* § 4214(a), the court had no discretion to

---

[8] 11 *Del. C.* § 4205(b)(4).

[9] 11 *Del. C.* § 4201(c). "Escape after conviction, even in its most benign form, properly falls into [the] category" of "dangerous crimes that place innocent people at risk of harm." *Forehand v. State*, 997 A.2d 673, 676 (Del. 2010).

[10] Under 11 *Del. C.* § 4214(a):

> [A]ny person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty . . . for the 4th or subsequent felony which forms the basis of the State's petition . . . except that this minimum provision shall apply only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.

6

impose any sentence less than eight years, the statutory maximum for a class D felony.

(14) The Court concludes that Velazquez' appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Velazquez could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Randy J. Holland*
Justice